FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 OCT -5 AM 9: 46

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| YOLANDA WILLIAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV607-047 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Yolanda Williams, an inmate at the Federal Correctional Institution in Marianna, Fla., has filed a motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255. Doc. 1. Because Williams has procedurally defaulted her claim on this issue, her motion should be **DENIED** and this case should be **DISMISSED**.

## I. Procedural History and Background Facts

On September 16, 2005, a federal grand jury issued a four-count indictment against Williams and a co-conspirator. CR. 1.[1] Williams was

---

[1] Documents from the record in Williams' criminal case, No. CR605-027, are cited as CR.

charged in three of the counts for (1) conspiring to manufacture and distribute cocaine base, in violation of 21 U.S.C. § 846 (count one); and (2) distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (counts two and three). Id.

On May 11, 2006, Williams, represented by appointed counsel, entered into a negotiated plea agreement in which she agreed to (1) plead guilty to count three in the indictment, (2) acknowledge the factual basis contained in the plea agreement, and (3) pay any court-imposed assessments. CR. 39 at 2. In return, the government made four promises to Williams, one of which was the promise to "[a]dvise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant, and to consider whether such cooperation qualifies as 'substantial assistance' pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1." Id.

The agreement further stipulated that "the determination as to whether the defendant has provided 'substantial assistance' rests solely with the government." Id. at 4. In addition, the agreement advised Williams that "whether or not the sentencing court decides to depart

downward below a guideline range or statutory minimum sentence, or reduce the defendant's sentence, . . . is completely within the court's discretion, and . . . the Court is not bound to accept any recommendation by the government." Id. at 5. The agreement did not include an appeal waiver.

On July 18, 2006, the district court held a plea hearing pursuant to Federal Rule of Criminal Procedure 11. At that hearing Williams was represented by counsel, and both Williams and her counsel stated that Williams understood and accepted the terms of the plea agreement. The court accepted Williams' guilty plea, imposed a special assessment of $100, and sentenced Williams to sixty months imprisonment followed by three years of supervised release. Id. The district court also advised Williams of her right to appeal her sentence, but Williams filed no appeal.

Instead, she filed this § 2255 motion, contending that the government breached the plea agreement by failing to file a substantial assistance motion. Doc. 1 at 5. Although she did not raise this issue at sentencing and did not appeal her sentence to the Eleventh Circuit, Williams argues that § 2255 relief is appropriate because she did not

3

realize "she was denied this additional reduction promised her by the government" until after "arriving at the Federal Prison Camp and fully reviewing her case." Id. at 6.

## II. Analysis

Because Williams did not raise the substantial assistance issue at sentencing or on appeal, the procedural default rule bars her from presenting it now. In Lynn v. United States, 365 F.3d 1225 (11th Cir. 2004), the Eleventh Circuit explained that "[u]nder the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Id. at 1234.

Nevertheless, a § 2255 movant can avoid the procedural default rule by establishing either (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error, id. (citing Bousley v. United States, 523 U.S. 614, 622 (1998)), or (2) a constitutional error that probably "resulted in the conviction of one who is actually innocent." Id. (citations and quotation marks omitted). As Williams makes no claim of actual innocence, her § 2255 motion is barred

4

unless she can show cause for not raising the claim of error and actual prejudice from that error.

Williams has shown neither. "To show cause for procedural default, [the movant] must show that some objective factor external to the defense prevented [her] or [her] counsel from raising claims on direct appeal and that this factor cannot be fairly attributed to [the movant's] own conduct." Id. at 1235. Here, Williams alleges no facts indicating cause for failing to raise the government's alleged breach of the plea agreement. Her motion states only that she was unaware that the government did not file a substantial assistance motion until she "fully review[ed] her case" after being incarcerated in federal prison. Doc. 1 at 6. Williams represented to the district court, however, that she understood her plea agreement. The government's failure to file a substantial assistance motion should have been readily apparent to her and her attorney at sentencing.

Furthermore, even if Williams could show cause for failing to appeal her sentence, her § 2255 motion alleges no facts showing that she was prejudiced. In <u>Wade v. United States</u>, 504 U.S. 181 (1992), the Supreme Court limited review of the government's decision not to file a

substantial assistance motion to cases charging an unconstitutional motive. Id. at 185–86; accord United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000). Ever since Wade courts have recognized the broad discretion afforded to prosecutors in deciding whether to file a substantial assistance motion. Nealy, 232 F.3d at 831; United States v. Forney, 9 F.3d 1492, 1503 n.4 (11th Cir. 1993). Consequently, a claim of substantial assistance alone does "not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Wade, 504 U.S. at 185–86.

Here, Williams cannot show the actual prejudice necessary to excuse her procedural default because her § 2255 motion does not allege that an unconstitutional motive prompted the government to refrain from filing a substantial assistance motion on her behalf. In fact, Williams does not even allege that she provided substantial assistance. Instead, she alleges that the government "promised" to file the motion. Doc. 1 at 6. That allegation, however, is contradicted by the language of her plea agreement, which states "that the determination as to whether the defendant has provided 'substantial assistance' rests solely with the government." CR. 39 at 4. Far from promising to file a substantial

assistance motion, the government retained plenary discretion to decide whether Williams merited such a motion.

After a thorough review, the Court finds that the motions, files, and records of the case "conclusively show that [Williams] is entitled to no relief." 28 U.S.C. § 2255. Accordingly, the Court recommends that her § 2255 motion be **DENIED** and this case be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 5-Th day of October, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA